UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 13-4008**

| |
|---|
| FRANCIS BULLOCK, SHAQUON BULLOCK, SHAQUANA BULLOCK and FATIMA BULLOCK, |
| Plaintiffs, |
| - against - |
| THE CITY OF NEW YORK, DET. GABRIEL NACELEWICZ, Shield No. 6511, Individually and in his Official Capacity, and Police Officers "JOHN DOE" #1-10, Individually and in their Official Capacities (the name John Doe being fictitious, as the true names are presently unknown), |
| Defendants. |

Civil Action No:

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

**BRODIE, J.**
**MANN, M.J.**

Plaintiffs, FRANCIS BULLOCK, SHAQUON BULLOCK, SHAQUANA BULLOCK, and FATIMA BULLOCK, by their attorneys, OKUN, ODDO & BABAT, P.C., complaining of the defendants, respectfully allege as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

### VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiffs, FRANCIS BULLOCK, SHAQUON BULLOCK, SHAQUANA BULLOCK and FATIMA BULLOCK, are, and have been, at all relevant times, residents of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9. At all times hereinafter mentioned, the individually named defendants, DET. GABRIEL NACELEWICZ and Police Officers "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about October 10, 2012, at approximately 4:40 p.m., plaintiffs FRANCIS BULLOCK, SHAQUON BULLOCK, SHAQUANA BULLOCK and FATIMA BULLOCK, were lawfully present in the home of plaintiffs, FRANCIS BULLOCK and FATIMA BULLOCK, at 545 Dumont Avenue, Apartment 3G, in Kings County in the City and State of New York.

14. At that time and place, the above named defendant officers burst through the door with their guns drawn and aimed at the plaintiffs.

15. Thereafter, the defendant officers commenced to search the apartment, throwing and breaking items throughout the apartment, including, *inter alia*, emptying a cat litter box onto one of the beds.

16. During said search, one of the defendant officers punched the plaintiff, SHAQUON BULLOCK, in the face.

17. At no time during said search did the defendant officers possess justification to use such force against SHAQUON BULLOCK and the application of such force was objectively unreasonable under the circumstances prevailing then and there.

18. During said search, the plaintiffs, SHAQUANA BULLOCK and FATIMA BULLOCK, were each subjected to an invasive strip search during which they were required to remove their clothing.

19. The defendant officers did not the possess particularized suspicion necessary to justify the above described strip searches.

20. Thereafter, the defendant officers placed the plaintiffs under arrest, handcuffing each of their arms tightly behind their backs.

21. At no time on October 10, 2012 did any plaintiff commit any crime or violation of law.

22. At no time on October 10, 2012 did defendants possess probable cause to arrest any of the plaintiffs.

23. At no time on October 10, 2012 did defendants possess information that would lead

a reasonable officer to believe probable cause existed to arrest any of the plaintiffs.

24. Thereafter, the plaintiffs were transported to a nearby precinct where they were each subjected to an invasive strip search.

25. At no time did the defendant officers possess the particularized suspicion necessary to justify an invasive strip search with regard to any of the four plaintiffs.

26. In connection with the plaintiffs' arrests, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Kings County District Attorney's Office.

27. As a result of the defendants' conduct, the plaintiffs were each charged with Criminal Possession of a Controlled Substance in the Third Degree, two counts of Criminal Possession of a Controlled Substance in the Seventh Degree, Criminally Using Drug Paraphernalia in the Second Degree, and Unlawful Possession of Marijuana.

28. Thereafter, defendants repeatedly gave false and misleading testimony and information regarding the facts and circumstances of plaintiffs' arrests.

29. As a direct result of the unlawful acts of the defendants, plaintiffs each spent approximately thirty-six (36) hours in custody.

30. As a direct result of the defendants' unlawful actions, the plaintiffs each spent approximately six (6) months making numerous court appearances.

31. Despite defendants actions, all charges against plaintiffs, FRANCIS BULLOCK, SHAQUON BULLOCK, SHAQUANA BULLOCK, and FATIMA BULLOCK, were dismissed in their entirety on April 26, 2013.

32. As a result of the foregoing, plaintiffs FRANCIS BULLOCK, SHAQUON BULLOCK, SHAQUANA BULLOCK and FATIMA BULLOCK sustained, *inter alia*, physical pain, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of their constitutional rights.

### FIRST CLAIM FOR RELIEF FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

33. Plaintiffs, FRANCIS BULLOCK, SHAQUON BULLOCK, SHAQUANA BULLOCK and FATIMA BULLOCK, repeat, reiterate and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

34. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

35. All of the aforementioned acts deprived plaintiffs, FRANCIS BULLOCK, SHAQUON BULLOCK, SHAQUANA BULLOCK and FATIMA BULLOCK, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

38. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### SECOND CLAIM FOR RELIEF FOR FALSE ARREST UNDER 42 U.S.C. § 1983

39. Plaintiffs, FRANCIS BULLOCK, SHAQUON BULLOCK, SHAQUANA BULLOCK and FATIMA BULLOCK, repeat, reiterate and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

40. As a result of the aforesaid conduct by defendants, plaintiffs were subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned,

detained, and confined without any probable cause, privilege or consent.

41. As a result of the foregoing, each plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### FOR EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

42. Plaintiffs, FRANCIS BULLOCK, SHAQUON BULLOCK, SHAQUANA BULLOCK and FATIMA BULLOCK, repeat, reiterate and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

43. The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of the plaintiffs.

44. Specifically, the defendants utilized excessive force in handcuffing the plaintiffs and in punching the plaintiff, SHAQUON BULLOCK, about the face.

45. As a result of the foregoing, the plaintiffs, FRANCIS BULLOCK, SHAQUON BULLOCK, SHAQUANA BULLOCK and FATIMA BULLOCK, sustained bodily injury.

### FOURTH CLAIM FOR RELIEF FOR UNLAWFUL
### AND UNREASONABLE SEARCH UNDER 42 U.S.C. § 1983

46. Plaintiffs, FRANCIS BULLOCK, SHAQUON BULLOCK, SHAQUANA BULLOCK and FATIMA BULLOCK, repeat, reiterate and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

47. As a result of the forgoing, plaintiffs, FRANCIS BULLOCK, SHAQUON BULLOCK, SHAQUANA BULLOCK and FATIMA BULLOCK, were subjected to unreasonable and intrusive strip searches that shock the conscience and are in violation of the plaintiffs' rights as set forth in the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

48. As a result of the aforementioned conduct by defendants, plaintiffs' bodies were illegally, improperly, and unreasonably searched without a valid warrant, probable cause, privilege or consent, in violation of their constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

## FIFTH CLAIM FOR RELIEF FOR UNLAWFUL AND UNREASONABLE SEARCH UNDER 42 U.S.C. § 1983

49. Plaintiffs, FRANCIS BULLOCK and FATIMA BULLOCK, repeat, reiterate and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

50. As a result of the forgoing, plaintiffs, FRANCIS BULLOCK and FATIMA BULLOCK, were subjected to an unreasonable and intrusive search of their home that shocks the conscience and is in violation of their rights, as set forth in the Fourth, and Fourteenth Amendments to the Constitution of the United States.

51. As a result of the aforementioned conduct by defendants, plaintiffs' home was illegally, improperly, and unreasonably searched without a valid warrant, a legally obtained warrant, probable cause, privilege, or consent, in violation of their constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

## SIXTH CLAIM FOR RELIEF FOR MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

52. Plaintiffs, FRANCIS BULLOCK, SHAQUON BULLOCK, SHAQUANA BULLOCK and FATIMA BULLOCK, repeat, reiterate and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

53. Defendants misrepresented and falsified evidence before the Kings County District Attorney.

54. Defendants did not make a complete and full statement of facts to the District Attorney.

55. Defendants withheld exculpatory evidence from the District Attorney.

56. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiffs, FRANCIS BULLOCK, SHAQUON BULLOCK, SHAQUANA BULLOCK and FATIMA BULLOCK.

57. Defendants lacked probable cause to initiate criminal proceedings against plaintiffs, FRANCIS BULLOCK, SHAQUON BULLOCK, SHAQUANA BULLOCK and FATIMA

BULLOCK.

58. Defendants acted with malice in initiating criminal proceedings against plaintiffs, FRANCIS BULLOCK, SHAQUON BULLOCK, SHAQUANA BULLOCK and FATIMA BULLOCK.

59. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs, FRANCIS BULLOCK, SHAQUON BULLOCK, SHAQUANA BULLOCK and FATIMA BULLOCK.

60. Defendants lacked probable cause to continue criminal proceedings against plaintiffs, FRANCIS BULLOCK, SHAQUON BULLOCK, SHAQUANA BULLOCK and FATIMA BULLOCK.

61. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

62. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiffs' favor on or about April 26, 2013 when the charges against them were dismissed in their entirety.

63. As a result of the foregoing, each of the plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints without probable cause.

### SEVENTH CLAIM FOR RELIEF FOR DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

64. Plaintiffs, FRANCIS BULLOCK, SHAQUON BULLOCK, SHAQUANA BULLOCK and FATIMA BULLOCK, repeat, reiterate and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

65. Defendants created false evidence against plaintiffs FRANCIS BULLOCK, SHAQUON BULLOCK, SHAQUANA BULLOCK and FATIMA BULLOCK.

66. Defendants forwarded false evidence and false information to prosecutors in the Kings County District Attorney's Office.

67. Defendants misled the prosecutors by creating false evidence against plaintiffs,

FRANCIS BULLOCK, SHAQUON BULLOCK, SHAQUANA BULLOCK and FATIMA BULLOCK, and thereafter providing false testimony throughout the criminal proceedings.

68. In creating false evidence against plaintiffs, FRANCIS BULLOCK, SHAQUON BULLOCK, SHAQUANA BULLOCK and FATIMA BULLOCK, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiffs' constitutional rights to a fair trial under the Due Process Clause of the Fifth and Fourteenth amendments of the United States Constitution.

69. As a result of the foregoing, each plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints without probable cause.

## EIGHTH CLAIM FOR RELIEF FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

70. Plaintiffs, FRANCIS BULLOCK, SHAQUON BULLOCK, SHAQUANA BULLOCK and FATIMA BULLOCK, repeat, reiterate and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

71. Defendants arrested and incarcerated plaintiffs, FRANCIS BULLOCK, SHAQUON BULLOCK, SHAQUANA BULLOCK and FATIMA BULLOCK, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiffs' liberty, well-being, safety and constitutional rights.

72. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

73. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

74. The aforesaid customs, policies, usages, practices, procedures and rules of the city of New York and the New York City Police Department directly cause, *inter alia*, the following

unconstitutional practices:

    i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii. arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

    iii. falsifying evidence and testimony to support those arrests;

    iv. falsifying evidence and testimony to cover up police misconduct;

    v. obtaining search warrants based on knowingly false information; and

    vi. performing strip searches and other tactics of intimidation without legal justification

75. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs, FRANCIS BULLOCK, SHAQUON BULLOCK, SHAQUANA BULLOCK and FATIMA BULLOCK.

76. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

77. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

78. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

79. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs were incarcerated unlawfully.

80. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs.

81. Defendants, collectively and individually, while acting under color of state law, were

directly and actively involved in violating the constitutional rights of plaintiffs.

82. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs' constitutional rights.

83. All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the rights:

    i.    not to be deprived of liberty without due process of law;

    ii.    to be free from seizures and arrests not based upon probable cause;

    iii.    to be free from unwarranted and malicious criminal prosecution;

    iv.    to receive equal protection under the law.

**WHEREFORE**, the plaintiffs respectfully request judgment against defendants as follows:

    i.    an order awarding compensatory damages in an amount to be determined at trial;

    ii.    an order awarding punitive damages in an amount to be determined at trial;

    iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

    iv.    directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
July 1, 2013

OKUN, ODDO & BABAT, P.C.

By: _____
Eric M. Babat, Esq. (EMB-5573)
Attorneys for Plaintiffs
FRANCIS BULLOCK, SHAQUON
BULLOCK, SHAQUANA BULLOCK
and FATIMA BULLOCK
8 West 38th Street, 10th Fl.
New York, New York 10018
(212) 642-0950
File: 9594